IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HASTINGS MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 15-3341 ) |
| ATLANTIS POOLS, INC., CYNTHIA SMALLEY and DAVID SMALLEY, | ) ) ) ) ) |
| Defendants. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Defendant Atlantis Pools, Inc.'s Motion to Transfer Venue (d/e 2). For the convenience of the parties and witnesses and in the interest of justice, the Motion is GRANTED. This case is TRANSFERRED to the United States District Court for the Southern District of Illinois.

I. BACKGROUND

In December 2015, Cynthia and Davis Smalley ("the Smalleys") filed an Amended Complaint against Atlantis in Madison County Circuit Court, Case No. 2015-L-132 (d/e 1-1). In that lawsuit, the

Page 1 of  16

Smalleys allege that they hired Atlantis to repaint the in-ground pool on the Smalleys' property in Godfrey, Illinois. Atlantis allegedly failed to perform the work correctly and caused damage to the pool, the deck, the piping, and an outbuilding. The Smalleys seek damages in excess of $50,000 for damages including the cost of replacing the pool, repairing damage to the deck surrounding the pool, repairing ruptured pipes, and damages caused by draining and refilling the pool.

In December 2015, Plaintiff Hastings Mutual Insurance Company filed its Complaint for Declaratory Judgment (d/e 1) in this Court against Atlantis and the Smalleys. The Smalleys are named as necessary parties only. Compl. ¶ 11.

Hastings alleges that it issued a Commercial Package Policy to Atlantis for the period of May 1, 2014 to May 1, 2015. See Compl. ¶ 3; Policy, Ex. B, Part 1. The Policy identifies Atlantis as the named insured and lists Atlantis' address in Alton, Illinois. The Policy also lists the "Agency" as Downing Insurance Agency, Inc., located in Alton, Illinois. Finally, the "Location(s) of Premises" section of the policy lists three locations for Atlantis: Alton, Fairview

Heights, and Springfield, Illinois.  See Policy, Exhibit B, Part 1 (d/e 1-2, page 4 of 25).

Hastings seeks a declaratory judgment that it has no duty to defend or indemnify Atlantis in the underlying lawsuit brought by the Smalleys.  Count I alleges that Atlantis failed to satisfy conditions precedent to coverage.  Count II alleges that Hastings has no duty to defend Atlantis because the underlying lawsuit falls within the exclusions of the Policy.  Count III alleges that, under the Policy, Hastings has no duty to indemnify Atlantis.  The Court notes that Alton and Godfrey are located in Madison County, which is within the Southern District of Illinois.  See www.ilsd.uscourts.gov/TheCourt.aspx (Division of Counties) (all websites last visited April 6, 2016).

## II. JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (requiring complete diversity and an amount in controversy in excess of $75,000 exclusive of interest and costs).  Based on the allegations in the complaint and Hastings' Supplemental Response (d/e 15), complete diversity exists between Plaintiff Hastings and the defendants, Atlantis and the Smalleys.

Howell v. Tribune Entm't Co., 106 F. 3d 215, 217 (7th Cir. 1997) (complete diversity requires that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen.").

Specifically, Hastings is a Michigan corporation with its principal place of business in Hastings, Michigan.  Compl. ¶ 6. Atlantis is an Illinois corporation with offices located in Springfield, Illinois.  Compl. ¶ 8; see also www.ilsos.gov/corporatellc/ (showing principal place of business in Alton, Illinois); Def. Mot. to Transfer Venue, Affidavit of Patrick Halliday ¶ 5 (Atlantis' corporate office is located in Alton, Illinois) (d/e 2-2).  The Smalleys are citizens of Illinois.  Compl. ¶ 10; Pl.'s Supp. Resp. at 4 (d/e 15).

The parties do not dispute that the amount-in-controversy requirement is met, and the Court agrees.  In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Ad. Comm'n, 432 U.S. 333, 347 (1977).  The object of the litigation is the pecuniary result that would flow to the plaintiff or the defendant from the court granting the declaratory judgment.  America's MoneyLine, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004).  In

this case, the value of the underlying lawsuit and the cost of defending the underlying lawsuit count toward the jurisdictional amount. See Meridian Sec. Ins. Co. v. Sadowski, 441F.3d 536, 539-40 (7th Cir. 2006); Midland Mgmt. Co. v. Am. Alt. Ins. Corp., No. 15 C 6203, 2015 WL 9582987, at *4 (N.D. Ill. Dec. 31, 2015).

The Court finds that the amount in controversy exceeds $75,000. In the underlying lawsuit, the Smalleys seek in excess of $50,000[1] for damages including the cost of replacing the pool, repairing damage to the deck surrounding the pool, repairing ruptured pipes, and damages caused by draining and refilling the pool. Moreover, defense costs in the suit could easily exceed $25,000. In addition, Hastings submitted an affidavit from counsel asserting that counsel for the Smalleys in the underlying action advised counsel for Hastings that the most recent settlement demand in the underlying action is $100,000. See Pl.'s Supp. Resp., Affidavit of Jason E. DeVore ¶ 4 (d/e 15-1); see also, e.g., Grinnell Mut. Reinsurance Co. v. Haight, 697 F.3d 582, 585 (7th Cir. 2012) (wherein the court considered the settlement negotiations

---

[1] The Smalleys likely listed "in excess of $50,000" to enable them to file their case as a Law Division case in state court.

Page 5 of 16

between the plaintiff and defendant in the pending declaratory judgment action when determining whether the amount-in-controversy requirement was satisfied). Therefore, the Court finds the amount-in-controversy requirement satisfied. See Back Doctors Ltd. v. Metro. Property & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011) ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

Because the parties are diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction.

Venue is proper in this district because a civil action may be brought in a judicial district in which any defendant resides, if all of the defendants are residents of the State in which the district is located. 28 U.S.C. § 1391(b)(1). Here, all of the defendants are residents of Illinois. The Smalleys reside in Illinois. Compl. ¶ 10. Atlantis, as a corporate defendant, is deemed to reside "in any district in [Illinois] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." 28 U.S.C. § 1391(d) (addressing residency of corporations in States with multiple districts). Atlantis maintains

an office in Springfield, Illinois, which is within the Central District of Illinois.  Therefore, venue is proper in this District.

### III. ANALYSIS

Atlantis requests that this Court transfer the case to the District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) of Title 28 of the United States Code provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  The moving party must show that (1) venue is proper in the current district and would be proper in the transferee district; (2) "the transferee district is more convenient for both the parties and witnesses," and (3) "transfer would serve the interests of justice."  Gueorguiev v. Max Rave, LLC, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007).  The moving party bears the burden of proving the transferee district is more convenient.  Id. at 857.

The parties agree that venue is proper in both this district and the Southern District of Illinois.  Venue is proper in the Southern

District because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District and because the defendants reside in the Southern District.  See 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district in which a defendant resides if all defendants are residents of the State in which the district is locate), (b)(2) (venue is proper where a substantial part of the events or omissions giving rise to the claim occurred).  The parties dispute, however, whether the Southern District would be more convenient for the parties and witnesses and whether transfer would serve the interests of justice.

When considering the convenience factor, the Court considers the following: (1) the plaintiff's choice of forum; (2) the situs of events giving rise to the suit; (3) the ease of access to evidence; (4) the convenience of the parties; and (5) the convenience of the witnesses.  See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010).  The plaintiff's choice of forum is generally accorded substantial weight but is entitled to less deference when the forum is not the plaintiff's home forum or lacks significant contact with the litigation.  Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001).

In this case, the Central District of Illinois is not Hastings' home forum. Hastings is a Michigan corporation with its principal place of business in Hastings, Michigan. Moreover, as discussed further below, the Central District lacks significant contact with the litigation. Therefore, the Court will give Hastings' choice of forum little weight. See, e.g., Heartland Packaging Corp. v. Sugar Foods Corp., No. 1:06-cv-0828, 2007 WL 101815, at *2 (S.D. Ind. Jan. 9. 2007) (giving little weight to the plaintiff's choice of forum where the forum had no relationship to the case other than being the home base of the plaintiff).

The situs of the events giving rise to the lawsuit is the Southern District of Illinois. The events leading to the underlying lawsuit occurred in the Southern District; the underlying lawsuit is pending in the state court within the Southern District; and the insurance policy was issued to an insured located in the Southern District by a broker in the Southern District. In fact, the only connection the Central District of Illinois has to the case is the fact that Atlantis maintains an office in Springfield. Atlantis' principal place of business is in Alton, which is within the Southern District of Illinois.

The ease of access to the evidence is a neutral factor. While some of the documents are maintained in the Southern District of Illinois and some are likely in Michigan, neither party suggests the files and records are so voluminous that they cannot be easily transferred from one district to the another. Therefore, based on this factor, the Southern District and the Central District are equally convenient. Great W. Cas, Co. v. DeKeyser Express, Inc. No. 05 C 2681, 2005 WL 2861074, at *4 (N.D. Ill. Oct. 31, 2005) (where there was no suggestion that the files and records could not be easily transferred from one district to another, both districts were equally convenient as it related to the relative ease of access to sources of proof).

The convenience-of-the-parties factor slightly favors transfer. Atlantis' corporate offices are in the Southern District of Illinois. The nominal defendants, the Smalleys, also reside in the Southern District.

Atlantis argues that Hastings is located in Hastings, Michigan, so Hastings will be inconvenienced in either forum.[2] Atlantis points

---

[2] The Court takes judicial notice that Hastings, Michigan is approximately 35 from Kalamazoo, 38 miles from Grand Rapids, and 43 miles from Lansing.

out that if Hastings' personnel fly into Lambert-St. Louis International Airport, moving the case to the Southern District, East St. Louis Division[3] would reduce the trip to the courthouse by over 80 miles. Using MapQuest, the Court determined that the Lambert-St. Louis International Airport is approximately 16 miles from the Southern District, East St. Louis Division courthouse and approximately 105 miles from the Central District, Springfield Division courthouse. Atlantis did not provide evidence on the cost of airfare between Hastings, Michigan and St. Louis, Missouri and Hastings, Michigan and Springfield, Illinois but merely assumes that fares would be lower at a larger metropolitan airport. This Court recognizes this generally is true. Nonetheless, the Court finds that, because Hastings will be inconvenienced in either forum, transferring the case to the Southern District, which is more convenient for Defendants, would not merely shift the inconvenience from one party to the other. See, e.g., Gueorguiev,

---

See www.distances.io; Lowrance v. Pflueger, 878 F.2d 1014, 1018 (7th Cir. 1989 )(taking judicial notice of approximate distances between geographic locations).

[3] Cases arising out of Madison County are assigned to the East St. Louis division of the Southern District of Illinois.  See www.ilsd.uscourts.gov (Division of Counties).

526 F. Supp. 2d at 857 ("The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another").

The convenience-of-the-witnesses factor is neutral or weighs in favor of transfer.  Atlantis argues that almost all of its witnesses—current and former employees—live in the Southern District of Illinois.  These witnesses would purportedly testify about Atlantis' actions on the Smalleys' property, communications regarding the Smalleys' claims, and communications with retained defense counsel.  Mot. at 12 (d/e 2-1).  Atlantis further asserts that, while Hastings may have witnesses located in Michigan, those witnesses will have to travel to Illinois from Michigan regardless of the specific district that tries the case.  Id. at 12-13.

Hastings argues that this factor does not weigh in favor of transfer because declaratory actions involving a duty to defend generally involve only questions of law and are frequently resolved by summary judgment and not trial.  As such, Hastings argues, it is not proper to consider whether one district is more convenient to any witnesses.  Hastings asserts that Atlantis cannot meet its

burden of showing that it would be more convenient for a court in the Southern District to compare the terms and conditions of the policy to the allegations of the complaint instead of this Court in the Central District.  Hastings Resp. at 2-3 (d/e 7).

To the extent that this case will be resolved without a trial, the convenience-of-the-witnesses factor is neutral.  However, in Count I of the Complaint, Hastings alleges that Atlantis violated conditions precedent to coverage by failing to fully cooperate with Hastings and provide requested information.  Such a claim may require testimony of witnesses regarding Atlantis' compliance with the conditions precedent to coverage.  Such witnesses would be located in the Southern District of Illinois and Michigan.  Neither party has identified any potential witnesses located in the Central District of Illinois.  Therefore, if the case proceeds to trial, the-convenience-of-the-witnesses factor would weigh in favor of transfer.

The Court must also consider whether transfer would serve the interest of justice.  This requires the Court to consider (1) the "docket congestion and likely speed to trial" in each forum; (2) "each court's relative familiarity with the relevant law;" (3) "the respective desirability of resolving controversies in each locale;" and (4) "the

relationship of each community to the controversy. " <u>Research Automation</u>, 626 F.3d at 978.

According to the U.S. District Courts Federal Management Statistics[4] for districts within the Seventh Circuit for the 12-month period ending June 30, 2015, the average number of civil case filings per judgeship in the Central District of Illinois was 485 cases (1,939 pending cases and four judgeships) with a median time from filing to disposition of 10.8 months.  The median time from filing to trial in civil cases was 35.1 months.

In the Southern District, the average civil-case filings per judgeship was 1,149 (4,595 pending cases and four judgeships) with a median time for disposition of 35.5 months.  The median time from filing to trial in civil cases was 30.1 months.

The Court notes, however, that the Southern District had multidistrict litigation cases pending in 2015.  See www.ilsd.uscourts.gov/mdl/mdl2385.aspx.  The U.S. District Courts Federal Management Statistics reflects "weighted filings" of 371 per judgeship in the Central District and 390 per judgeship in

---

[4] See http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2015

the Southern District.  The "weighted filings" do not include data on "cases arising by reopening, remand, and transfer to the district by order of the Judicial Panel on Multidistrict Litigation[.]" http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2015 (Explanation of Selected Terms). Taking into account the "weighted filings," the relative congestion factor is neutral.

The parties appear to assume that Illinois law applies to the Policy.  See Hastings Resp. at 2 (citing Illinois duty-to-defend law); Atlantis Mot. at 9 (asserting that both courts are located in Illinois and are "well-informed of the governing law in this case").  However, the copy of the Commercial Package Policy attached to the Complaint does not appear to be complete.  See Policy, Exhibit B, Part 2 (d/e 1-4, page 19 of 25) (identified as page 7 of 7 but pages 1 through 6 are missing).  In any event, the Court agrees that both courts would be equally well-informed in applying the applicable law.  Therefore, this factor is neutral.

Considering all of the factors, the Court finds transfer is warranted.  The Central District has absolutely no connection with this case.  The underlying lawsuit was filed in the state court in the

Southern District; the policy was issued by Hastings to an insured whose address listed on the declarations page is in the Southern District of Illinois and sold through a broker located within the Southern District; and Atlantis' corporate offices are in the Southern District.  Further, if trial witnesses are necessary, many of those witnesses—current and former employees of Atlantis—reside in the Southern District and no witnesses reside in the Central District.  Therefore, considering all of the relevant factors, the Court concludes that transfer is warranted.

## IV. CONCLUSION

For the reasons stated, Defendant Atlantis Pools, Inc.'s Motion to Transfer Venue (d/e 2) is GRANTED.  This case is TRANSFERRED to the United States District Court for the Southern District of Illinois, East St. Louis division.

**ENTER: April 6, 2016**

**FOR THE COURT:**

    **s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**